United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY KING, | No. C-13-1897 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | **(Docket No. 13)** |
| _____/ | |

On May 28, 2013, Plaintiff[1] filed a document indicating that Defendant was attempting to collect from him an alleged overpayment of Supplemental Security Income benefits, and requesting relief from the Court. Docket No. 13. This Court construed this as a motion for a preliminary injunction, and ordered Defendant to file a response. Docket No. 14. Defendant filed an opposition on June 5, 2013. Docket No. 20.

///

///

---

[1] Plaintiff is pro se, and the documents he has thus far filed in this action did not make it entirely clear whether he or his wife, or both, are plaintiffs in this action. Defendant, in her opposition, has indicated that Plaintiff King is the person receiving benefits, and his wife, Maoun Zhang, is his representative payee because Plaintiff King is not able to manage his benefits in his own interest. Def.'s Opp. at 2. Additionally, Plaintiff's complaint named the Defendant as "Social Security Administration, Fremont," though Defendant now clarifies that the proper defendant in this matter is Carolyn Colvin, Acting Commissioner of Social Security. *Id.* at 3. Given these clarifications about the identities of the proper parties, the Court has amended the caption accordingly.

## I. DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Defendant argues that Plaintiff is not able to demonstrate that he is likely to succeed on the merits of his claim because he has not exhausted his administrative remedies, and thus this Court lacks jurisdiction to order the relief Plaintiff seeks.

The Social Security Act provides that an individual may seek review of a denial of benefits after a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days"). The Act does not permit courts to review actions taken by the Commissioner prior to the issuance of a final decision. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Social Security Act grants to district courts jurisdiction to review only "final decisions" of the Commissioner.").

The regulations implementing the Social Security Act provide for a four step administrative review process. 20 C.F.R. § 416.1400(a). These steps are (1) an initial determination about eligibility; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review by the Social Security Appeals Council. *Id.* It is only after completing all of these steps that the Commissioner's decision is "final" and the individual may seek judicial review of that decision. *Id.* Defendant has provided evidence that Plaintiffs have requested a hearing before a Social Security Administrative Law Judge on the denial of benefits and related attempts to collect on the alleged overpayment of past benefits. Declaration of April A. Alongi Ex. 3. The hearing before the Administrative Law Judge is set for August 29, 2013. Alongi Decl. Ex. 7. Thus, Plaintiff is still on the third of the four steps in the administrative review process. Since there has

2

not yet been a final decision on the merits, Plaintiff's request for review is premature and this Court lacks jurisdiction to consider Plaintiff's case.

## II. CONCLUSION

As this Court lacks jurisdiction to grant Plaintiff relief, it cannot be said that Plaintiff has demonstrated that his request for review is likely to succeed on the merits. His motion for a preliminary injunction is therefore **DENIED.** Further, he is ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784–85 (9th Cir.1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction). Plaintiff shall file a response indicating why this Court has jurisdiction to hear his petition for review by no later than July 5, 2013.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: June 7, 2013

_____
EDWARD M. CHEN
United States District Judge

3