UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY KING, | No. C-13-1897 EMC |
|     Plaintiff, | |
|     v. | **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **(Docket No. 13)** |
|     Defendant. _____/ | |

Plaintiff, who is pro-se, filed this action on April 25, 2013, challenging Defendant's actions in terminating his Supplemental Security Income benefits. On May 28, 2013, Plaintiff filed a motion that this Court construed as a motion for a preliminary injunction. In opposing this motion, Defendant provided evidence that Plaintiff has not exhausted his administrative remedies under the Social Security Act, and that he is scheduled for a hearing before an Administrative Law Judge on August 29, 2013. The Court denied Plaintiff's request for a preliminary injunction, and ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. Plaintiff filed seven responses between June 10 and June 25, 2013. Docket Nos. 22-26, 28-29.

**I.   DISCUSSION**

This Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir.2012) (noting that "it is well established that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal") (internal citation and quotation marks omitted). The Social Security Act provides that an individual may seek review of a denial of benefits after a

final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days"). The Act does not permit courts to review actions taken by the Commissioner prior to the issuance of a final decision. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Social Security Act grants to district courts jurisdiction to review only "final decisions" of the Commissioner.").

The regulations implementing the Social Security Act provide for a four step administrative review process. 20 C.F.R. § 416.1400(a). These steps are (1) an initial determination about eligibility; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review by the Social Security Appeals Council. *Id.* It is only after completing all of these steps that the Commissioner's decision is "final" and the individual may seek judicial review of that decision. *Id.* Thus, Plaintiff cannot bring suit in this Court until he has had a hearing before an administrative law judge, and then a review by the Social Security Appeals Counsel.

As this Court noted in the order denying Plaintiff's preliminary injunction, Defendant has provided evidence that Plaintiff has requested a hearing before a Social Security Administrative Law Judge on the denial of benefits and related attempts to collect on the alleged overpayment of past benefits. Declaration of April A. Alongi Ex. 3. The hearing before the Administrative Law Judge is set for August 29, 2013. Alongi Decl. Ex. 7. Thus, Plaintiff is still on the third of the four steps in the administrative review process. Since there has not yet been a final decision on the merits, Plaintiff's request for review is premature and this Court lacks jurisdiction to consider Plaintiff's case.

Nothing in Plaintiff's submissions provides any evidence or argument suggesting that this case is properly before this Court at this time. Plaintiff's submissions are not entirely intelligible, but to the degree that they are, they appear to be directed largely to the question of whether Defendant should have cut off Plaintiff's benefits, not whether this Court has jurisdiction to hear

Plaintiff's claims at this time.  If Plaintiff is unsuccessful in the hearing before the Administrative Law Judge, and in a subsequent appeal to the Social Security Appeals Council, he may then seek judicial review of the Commissioner's final decision with this Court.  Until that time, however, his request for review in this Court is premature.

## II. CONCLUSION

Plaintiff has not exhausted his administrative remedies as required by the Social Security Act.  The case is therefore **DISMISSED** for lack of subject matter jurisdiction.  This dismissal is without prejudice to Plaintiff's right to seek judicial review of a final decision of the Commissioner once he has exhausted his administrative remedies.

The Clerk of the Court is directed to enter judgment in accordance with this order and close the file in this case.

IT IS SO ORDERED.

Dated: July 8, 2013

_____
EDWARD M. CHEN
United States District Judge